UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DANE CHARLES ARREDONDO,<br><br>Defendant. | 5:19-CR-50042-JLV<br><br>REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS (DOC. 23) |

Pending is Defendant's Motion to Dismiss, or, in the Alternative, for a Bill of Particulars (Doc. 23). Based on a careful consideration of all the evidence, and counsel's written arguments, the Court respectfully makes the following:

## **RECOMMENDATION**

It is respectfully recommended that Defendant's Motion to Dismiss, or in the Alternative, for a Bill of Particulars be denied.

## **JURISDICTION**

Defendant is charged in an Indictment with Health Care Fraud in violation of 18 U.S.C. § 1347; Acquiring Controlled Substances by Fraud in violation 0f 21 U.S.C. § 843(a)(3); and Possession of Controlled Substances in violation of 21 U.S.C. § 844. The pending Motion was referred to the Magistrate Judge on July 1, 2019 by Chief Judge Jeffrey L. Viken pursuant to 28 U.S.C. § 636. (Doc. 25).

## FACTUAL BACKGROUND

On July 19, 2019, Mr. Arredondo was charged in an Indictment with the above-named offenses. (Doc. 1). Mr. Arredondo's arraignment was held on March 20, 2019. (Doc. 5). On June 28, 2019, Mr. Arredondo filed the pending Motion to Dismiss Indictment, or, in the Alternative, for a Bill of Particulars. (Doc. 23; Doc. 24). The Government filed a Memorandum in Opposition to the pending Motion on July 23, 2019. (Doc. 33).

Mr. Arredondo argues the "entire Indictment is defective and should be dismissed for lack of specificity and failure to state an offense." (Doc. 24 at p. 2).[1] Mr. Arredondo further argues that "discovery provided by the government only raises questions about what it is [he] is alleged to have unlawfully done." Id. at p. 3. Specifically, Mr. Arredondo alleges that there is "no direct evidence he had any intent to defraud. . . ." Id. Furthermore, he argues "there is nothing in the discovery which would indicate" he: (1) was in possession of the vials in a manner that violated his oath as an EMT, (2) received any monetary gain from the alleged unlawful possession, or (3) was a user of the controlled substances specified in the indictment. Id. at p. 3-4. Alternatively, Mr. Arredondo moves for a Bill of Particulars and requests the Government to provide the following:

---

[1] Defendant's memorandum states the Motion is based on lack of specificity and failure to state an offense. (Doc. 24 at p. 2). However, Defendant's memorandum cites to FED. R. CRIM. P. 12(b)(3)(B)(iii) and (iv). Id. FED. R. CRIM. P. 12(b)(3)(B)(iv) addresses improper joinder, not failure to state an offense. For purposes of this pending Motion, this court will resolve the inconsistency by presuming Defendant is asserting a Motion to Dismiss the Indictment based on lack of specificity (Fed. R. Crim. P. 12(b)(3)(B)(iii)) and failure to state an offense (Fed. R. Crim. P. 12(b)(3)(B)(v)), which is consistent with Defendant's memorandum in support of the pending Motion. See (Doc. 24) (providing no discussion on improper joinder).

>   1. With respect to Counts I and II, specific information about how it is claimed Mr. Arredondo willfully executed a scheme or artifice to obtain the controlled substances at issue.
>
>   2. With respect to Count III, specific information about how it is claimed Mr. Arredondo was in possession of the controlled substances alleged in the indictment.

Id. at p. 6.  He argues there has been insufficient discovery to "allow him to discern the specific allegations which make up the elements of the crimes charged in the Indictment." Id. at p. 7.

The Government responds that the Motion to Dismiss should be denied because "the elements of each offense are set forth in each count of the indictment and, additionally there is further detail specified in each count as to the alleged conduct of the defendant, as well." (Doc. 33 at p. 2-3).  As it pertains to the request for a bill of particulars, the Government responds that the "Indictment sets forth a complete description of the crime charged and states when and where the defendant and others committed the offense." Id. at p. 4.  Furthermore, the Government alleges the Motion is not aimed at avoiding unfair surprise at trial, but rather, is being used to obtain an explanation about discovery. Id. at p. 6.  The Government states it has provided Mr. Arredondo with "extensive discovery of information in its possession, and will continue to provide the same on an ongoing basis to the extent new information becomes available." Id. at p. 7.  Specifically, the Government states it has turned over "497 pages of reports related to the crimes charged as well as recordings of the deputies' entry into the defendant's home." Id.

## DISCUSSION

I. **Motion to Dismiss the Indictment**

  a. **Legal Standard for Motion to Dismiss Pursuant to F**ED**. R. C**RIM**. P. 12(b)(3)(B)(iii) and 12(b)(3)(B)(v)**

Federal Rule of Criminal Procedure 12(b)(3)(B)(iii) and 12(b)(3)(B)(v) provides that a defect in the indictment, such as lack of specificity or failure to state an offense, must be raised by pretrial motion if the basis for the motion is then readily available and the motion can be determined without a trial on the merits. FED. R. CRIM. P. 12(b)(3)(B). When ruling on a motion to dismiss, a court must accept all factual allegations in the indictment as true. See United States v. Sampson, 371 U.S. 75 (1962). A valid indictment must allege that "the defendant performed acts which, if proven, constitute the violation of law for which he is charged." United States v. Polychron, 841 F.2d 833, 834 (8th Cir.1988). If an indictment fails to allege acts that constitute a violation of law, then it may be dismissed. Id. An indictment adequately states an offense if it "contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." United States v. Sewell, 513 F.3d 820, 821 (8th Cir.2008) (quoting United States v. Hernandez, 299 F.3d 984, 992 (8th Cir.2002)). This is a low bar, and an indictment will normally be found valid unless it is so defective that no reasonable construction of it properly charges the offense for which the defendant is being tried. See id. at 821. Normally, an indictment that tracks the statutory language is sufficient. Id.

### b. Count I – Health Care Fraud in Violation of 18 U.S.C. § 1347

Mr. Arredondo argues Count I of the indictment is defective for two reasons. (Doc. 24 at p. 2). First, he argues that Count I, because it includes an offense requiring a showing of fraud in order to convict, must specify facts with particularity. Id. Mr. Arredondo cites to United States v. Steffen to stand for the proposition that the indictment must specify facts with reasonable particularity. Id. (quoting United States v. Steffen, 687 F.3d 1104, 1113 (8th Cir 2012)). Second, he argues the indictment does not contain the essential elements of the offense charged and states "[t]here is no direct evidence Mr. Arredondo had any intent to defraud." Id. at p. 3. Count I charges Mr. Arredondo with the following:

> On or about January 2019, in Oglala Lakota County, in the District of South Dakota, the defendant, Dane Charles Arredondo, knowingly and willfully executed and attempted to execute, a scheme and artifice to obtain, by means of false and fraudulent pretenses, representations, and promises, property owned by and under the custody and control of the Oglala Sioux Tribal Ambulance Service, a health care benefit program as defined in 18 U.S.C. § 24(b), in connection with the delivery of health care benefits, items, and services, to wit: the defendant, Dane Charles Arredondo, was a paramedic employed by the Oglala Sioux Tribal Ambulance Service and took quantities of Fentanyl, a Schedule II controlled substance, Ketamine, a Schedule III controlled substance, and Midazolam, a Schedule IV controlled substance, from the ambulance service for his personal use, all in violation of 18 U.S.C. § 1347.

(Doc. 1 at p. 1-2).

The Government responds that the indictment "sets forth a complete description of the crime charged and states when and where the defendant and others committed the offense." (Doc. 33 at p. 4). Furthermore, the Government cites to Eighth Circuit case law in support of its response that the

5

indictment need not cite direct evidence regarding the intent to defraud. Id. at p. 5 (citing United States v. Boesen, 491 F.3d 852, 856 (8th Cir. 2007)).

As it pertains to Health Care Fraud, the statute provides a violation of law when a Defendant:

> knowingly and willfully executes, or attempts to execute, a scheme or artifice—(1) to defraud any health care benefit program; or (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program . . . .

18 U.S.C. § 1347.

Mr. Arredondo's first argument stating that Count I does not specify facts with particularity fails on the merits. Here, the Government's indictment sufficiently tracks the statutory language of 18 U.S.C. § 1347. See Sewell, 513 F.3d at 821. First, the indictment alleges that Mr. Arredondo defrauded a health care benefit program, *i.e.* the Oglala Sioux Tribal Ambulance Service. (Doc. 1 at p. 1). Second, the indictment alleges he obtained by false and fraudulent pretenses, representations, and promises, property owned by and under the custody and control of the Oglala Sioux Tribal Ambulance Service, *i.e.* vials of Fentanyl, Ketamine, and Midazolam. Id. Furthermore, Count I alleges a narrow timeframe in which Mr. Arredondo allegedly committed the offense, which provides sufficient notice. See id. (stating the offenses occurred "[o]n or about January 2019").

Furthermore, Mr. Arredondo's argument that the indictment is held to the standard in Steffen is misplaced. (Doc. 24 at p. 3). Steffen specifically addresses the offenses of bank, mail, or wire fraud statutes, whereas the

6

indictment in the present case alleges health care fraud. Steffen, 687 F.3d at 1113; (Doc. 1 at p. 1). However, even if the Eighth Circuit Court of Appeals intended the holding to apply to fraud charges generally, the indictment here does not make allegations "merely in the general words of the statute" but states facts, as required by Steffen, "with such reasonable particularity . . . as will . . . apprise [Mr. Arredondo], with reasonable certainty, of the nature of the accusation. . . ." Steffen, 687 F.3d at 1113 (internal citations omitted). Specifically, the indictment alleges with particularity the specific property fraudulently obtained, *i.e.* Fentanyl, Ketamine, and Midazolam and alleges with particularity the health care program which was defrauded, *i.e.* the Oglala Sioux Tribal Ambulance Service.

Mr. Arredondo's second argument, that nothing provided in discovery provides direct evidence of a violation of law, addresses the sufficiency of the Government's evidence, not the sufficiency of the indictment itself, and is therefore, improper for a Motion to Dismiss the Indictment. Mr. Arredondo's Motion to Dismiss the Indictment states the following:

> But the discovery provided by the government only raises questions about what it is Mr. Arredondo is alleged to have unlawfully done. There is no direct evidence Mr. Arredondo had any intent to defraud, although clearly the overall tenor of the discovery is intended to make his actions appear suspicious. While state of mind, like intent, may be generally pled, at least in civil proceedings (see Rule 9(b) of the Federal Rules of Civil Procedure), there is nothing in the discovery which would indicate Mr. Arredondo was in possession of the vials in a manner that violated his oath as an EMT or the administrative rules regarding waste of controlled substances. There is nothing in the discovery indicating Mr. Arredondo received a single dollar from the alleged unlawful possession. Finally, there is nothing in the discovery indicating Mr. Arredondo was a user of the controlled substances identified in the indictment. Further,

7

> there is no evidence Mr. Arredondo falsely reported any drug wasting. All the inventory logs have the required secondary signature attesting to the proper completion of the log. Lastly, the vials found in Mr. Arredondo's home were simply empty containers. Nothing supports any assertion he actually possessed the identified controlled substances.

(Doc. 24 at p. 3-4).

This court has previously held there exists no authority to provide for a dismissal of an indictment "based on insufficiency of the government's evidence prior to trial. In fact, a number of courts have concluded the opposite, namely that a pretrial motion to dismiss an indictment on the basis that the government's evidence is insufficient to prove the crimes charged is premature." United States v. Means, No. CR07-50003-01KES, 2008 WL 216406, at *2 (D.S.D. Jan. 24, 2008) (internal citations omitted).  Regardless of the evidence the government may or may not have, the Eighth Circuit has determined that an indictment is legally sufficient on its face "if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." Hernandez, 299 F.3d at 992.  Accordingly, while a court may dismiss an indictment if it does not contain all of the essential elements of the offense charged or fails to provide enough information so a defendant knows the charge, insufficiency of the evidence is not a proper reason to dismiss an indictment.

On its face, the indictment is valid.  A facially valid indictment will ordinarily survive a motion to dismiss for failure to state an offense without

further inquiry.  A court cannot dismiss an indictment based on "predictions as to what the trial evidence will be;" instead it must give the Government the opportunity to present its evidence.  United States v. Ferro, 252 F.3d 964, 968 (8th Cir.2001) (quoting United States v. DeLaurentis, 230 F.3d 659, 661 (3rd Cir.2000)).

Therefore, it is respectfully recommended the Motion to Dismiss as it pertains to Count I of the Indictment be denied.

### c. Count II – Acquiring Controlled Substances by Fraud in Violation of 21 U.S.C. § 843(a)(3)

Mr. Arredondo alleges the same arguments for dismissal of Count II as he argued for the dismissal of Count I. (Doc. 24 at p. 2-4).  As Mr. Arredondo's arguments concerning the sufficiency of the evidence and the indictment as a whole have already been addressed, the court will not re-address those arguments in this section.  See supra Section I.b.  Rather, the court will focus on Mr. Arredondo's argument that Count II, which is an offense requiring a showing of fraud in order to convict, must specify facts with particularity. Count II charges Mr. Arredondo with the following:

> On or about January 2019, in Oglala Lakota County, in the District of South Dakota, the defendant, Dane Charles Arredondo, did knowingly and intentionally acquire and obtain possession of Fentanyl, a Schedule II controlled substance, Ketamine, a Schedule III controlled substance, and Midazolam, a Schedule IV controlled substance, by misrepresentation, fraud, forgery, deception, and subterfuge, to wit: the defendant, Dane Charles Arredondo, did falsely report wasting of said substances per mandatory documentation and disposal requirements and did then take the Fentanyl, Ketamine and Midazolam from the Oglala Sioux Tribal Ambulance Service into his personal possession, all in violation of 21 U.S.C. § 843(a)(3).

9

(Doc. 1 at p. 2).

As it pertains to Acquiring Controlled Substances by Fraud, the statute provides "[i]t shall be unlawful for any person knowingly or intentionally . . . to acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge . . . ." 21 U.S.C. § 843.

Mr. Arredondo's argument stating that Count II does not specify facts with particularity fails on the merits. Here, the Government's indictment is identical to the statutory language of 21 U.S.C. § 843. See Sewell, 513 F.3d at 821. First, specific facts are alleged regarding what controlled substances were possessed, *i.e.* Fentanyl, Ketamine, and Midazolam. Second, specific facts are alleged regarding how Mr. Arredondo fraudulently acquired the substances, *i.e.* by falsely reporting wasting of said substances per mandatory documentation and disposal requirements. Furthermore, Count II alleges a specific timeframe for the offense.

Therefore, it is respectfully recommended the Motion to Dismiss as it pertains to Count II of the Indictment be denied.

### d. Count III – Possession of Controlled Substances in Violation of 21 U.S.C. § 844

Mr. Arredondo alleges the same arguments regarding lack of specificity and failure to state an offense for dismissal of Count III. (Doc. 24 at p. 5). Mr. Arredondo additionally argues "[n]othing in the discovery points to a 'possession' of a controlled substance by Mr. Arredondo." Id. This argument again goes to the sufficiency of the Government's evidence, not the sufficiency

of the indictment, and is inappropriate for a Motion to Dismiss the Indictment. See supra Section I.b.  The court will not readdress this argument.

Count III charges Mr. Arredondo with the following:

> On or about January 2019, in Pennington County, in the District of South Dakota and elsewhere, the defendant, Dane Charles Arredondo, did knowingly and intentionally possess Fentanyl, a Schedule II controlled substance, and Ketamine, a Schedule III controlled substance, and Midazolam, a Schedule IV controlled substance, all in violation of 21 U.S.C. § 844.

(Doc. 1 at p. 2).

As it pertains to Possession of Controlled Substances, the statute provides "[i]t shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner, while acting in the course of his professional practice . . . ."  21 U.S.C. § 844.

Mr. Arredondo's argument stating that Count III does not specify facts with particularity fails on the merits.  Here, the Government's indictment tracks the statutory language of 21 U.S.C. § 844.  See Sewell, 513 F.3d at 821. As noted above, specific facts are alleged regarding what controlled substances were possessed, *i.e.* Fentanyl, Ketamine, and Midazolam.  Furthermore, Count III alleges a specific timeframe for the offense.

As it pertains to FED. R. CRIM. P. 12(b)(3)(B)(iii), lack of specificity, the indictment has sufficiently described with particularity and specific facts each of the alleged offenses in Counts I, II, and III.  As it pertains to FED. R. CRIM. P. 12(b)(3)(B)(v), failure to state an offense, the indictment has sufficiently alleged three offenses and each Count in the indictment tracks the statutory language

as it pertains to 18 U.S.C. § 1347, 21 U.S.C. § 843(a)(3), and 21 U.S.C. § 844, respectively.  The requirements for stating an offense in an indictment is a "low bar" and will normally be found valid unless it is "so defective that no reasonable construction of it properly charges the offense for which the defendant is being tried."  Sewell, 513 F.3d at 821 (internal citation omitted).

Therefore, it is respectfully recommended the Motion to Dismiss as it pertains to Count III of the Indictment be denied.

## II. **Bill of Particulars**

### a. The Motion for a Bill of Particulars is Untimely

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the defendant must file a motion for a bill of particulars within 14 days of the defendant's arraignment or at a later time if the court permits.  FED. R. CRIM P. 7(f).  Mr. Arredondo's arraignment as it pertains to the indictment was held on March 20, 2019.  (Doc. 5).  He filed this motion on June 28, 2019, over three months from the date of the arraignment.  (Doc. 23).  See United States v. Hazelrigg, No. CR. 08-50062-04-KES, 2009 WL 3617562, at *2 (D.S.D. Oct. 29, 2009) (denying a motion for a bill of particulars as untimely when ruling was requested more than three months after the arraignment).  Mr. Arredondo does not even acknowledge his request is untimely, let alone attempt to show good cause for the failure to file the motion sooner.  Accordingly, the court denies the motion because it is untimely.  In addition to the timeliness issues, however, the court also finds that the motion for a bill of particulars fails on the merits.

### b. Legal Standard for Bill of Particulars

An indictment must be "a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." FED. R. CRIM. P. 7(c)(1). Federal Rule of Criminal Procedure 7(f) states that the court "may direct the government to file a bill of particulars." The defendant may move for a bill of particulars if he believes "that an indictment does not provide enough information to prepare a defense." United States v. Huggans, 650 F.3d 1210, 1220 (2011) (citing United States v. Livingstone, 576 F.3d 881, 883 (8th Cir. 2009)). Typically, an indictment is not sufficient only if an essential element of the offense is omitted. United States v. Cuervo, 354 F.3d 969, 985 (8th Cir. 2004). An indictment that is "completely devoid of facts" can be proper cause for a bill of particulars when the case lacks "any pre-trial motions that have elicited any descriptive responses from the government." United States v. Glenn, No. 5:14-CR-50115-JLV, 2015 WL 5496120, at *3 (D.S.D. Sept. 17, 2015).

"The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and avoid or minimize the danger of a surprise at trial." Id. A bill of particulars "is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." Huggans, 650 F.3d at 1220. The Court has broad discretion whether to order the government to provide a bill of particulars. United States v. Key, 717 F.2d 1206, 1210 (8th. Cir. 1983). The Court should grant the motion if necessary to

"prevent unfair surprise at trial."  United States v. Maull, 806 F.2d 1340, 1345 (8th Cir. 1986).  The Court must "strike a 'prudent balance' between the legitimate interest of the government and defendant."  United States v. Nelson, CR. 11-40037, 2011 WL 2160471, *1 (D.S.D. June 1, 2011) (quoting United States v. MacFarlane, 759 F.Supp. 1163, 1169 (W.D.Pa. 1991)).

      A bill of particulars is not required if the defendant can access the necessary detail from another satisfactory source.  Glenn, 2015 WL 5496120, at *3 (citing United States v. Johnson, 225 F.Supp.2d 982. 994 (N.D. Iowa 2002)).  This source can take several forms including responsive pleadings from the government and an open file policy.  "Specifically, numerous courts have held that no bill of particulars is required when the defendant has access to the necessary detail about the charges to prepare a defense, for example, in the form of 'open file' discovery."  Id.  In narrow circumstances, an open file policy is not always sufficient to provide the defendant with enough detail on the charge.  Id. at 1003.  This is especially true if the "open file" is voluminous and complex.  See id. (continuing criminal enterprise lasted more than eight years, involved numerous participants, and various predicate offenses).

      **c. The Motion for a Bill of Particulars Fails on the Merits**

      Even if Mr. Arredondo's motion was filed in a timely manner, he makes no showing that the indictment fails to allege the required elements of the offense.  Furthermore, "[t]he Eighth Circuit Court of Appeals has allowed district courts to consider the extent of the discovery provided by the government when considering a motion for a bill of particulars."  United States

14

v. Schrader, No. CR 14-50049-01-KES, 2014 WL 3752360, at *4 (D.S.D. July 30, 2014) (citing Huggans, 650 F.3d at 1220). Here, unlike Glenn, Mr. Arredondo fails to show he has not received proper notice of facts through discovery. The government's discovery policy is sufficient to establish proper notice of the facts and minimize the risk of unfair surprise at trial. The Government has already provided 497 pages of reports and recordings of the deputies' entry into Mr. Arredondo's home. (Doc. 33 at p. 7). Furthermore, the Government has provided assurance it will "continue to provide the same on an ongoing basis to the extent new information becomes available." (Doc. 33 at p. 7).

The availability of information as to the specific conduct and facts of the charges from other sources, such a pretrial discovery, eliminates the need for a bill of particulars. See United States v. Big Crow, No. 3:18-CR-30083-RAL, 2018 WL 3971939, at *2 (D.S.D. Aug. 20, 2018) (denying a motion for a bill of particulars when the defendant claimed it was "unclear as to which act or acts she committed" that constituted the offense); Huggans, 650 F.3d at 1220 (affirming the district court's denial of defendant's motion for a bill of particulars as moot because the government previously disclosed "virtually every piece of information sought" by defendant through methods which included pretrial discovery); United States v. Bradley, No. CR. 09-50029-02-KES, 2010 WL 1409447, at *1 (D.S.D. Mar. 31, 2010) ("A motion for a bill of particulars should not be granted if the desired information has been provided through pretrial discovery or in some other acceptable manner.").

Mr. Arredondo requests specific information with respect to Counts I and II regarding "how it is claimed he obtained the controlled substances at issue." (Doc. 24 at p. 6). The Indictment clearly alleges Mr. Arredondo "did falsely report wasting of said substances per mandatory documentation and disposal requirements and did then take the Fentanyl, Ketamine and Midazolam from the Oglala Sioux Tribal Ambulance Service into his personal possession." (Doc. 1 at p. 2). Mr. Arredondo further requests "specific information about how it is claimed Mr. Arredondo was in possession of the controlled substances alleged in the indictment." (Doc. 24 at p. 6). However, Mr. Arredondo's own memorandum in the fact section purports, "[t]he officers thereupon conducted a warrantless search of Mr. Arredondo's home finding evidence of controlled substances including Ketamine and Midazolam." Id. at p. 1-2. See also United States v. Massat, No. CR. 15-50089-JLV, 2018 WL 583109, at *5 (D.S.D. Jan. 29, 2018) (denying motion for a bill of particulars requesting evidence that indicated Defendant had "actual or constructive possession of any controlled substance"). Mr. Arredondo's assertion that he is without sufficient information through discovery "to allow him to discern the specific allegations which make up the elements of the crimes charged in the Indictment" is without merit. Id. at p. 7.

The Motion for a Bill of Particulars requests nothing more than evidentiary detail, an improper function for the present Motion. (Doc. 24 at p. 7). See also United States v. Matlock, 675 F.2d 981, 986 (8th Cir. 1982) (quoting Hemphill v. United States, 392 F.2d.45, 49 (8th Cir. 1968))

16

("Acquisition of evidentiary detail is not the function of bill of particulars."); United States v. Wessels, 12 F.3d 746, 750 (stating that a bill of particulars should not be used as discovery tool or to obtain a detailed disclosure of the prosecution's evidence); Massat, No. CR. 15-50089-JLV, 2018 WL 583109, at *7 (denying defendant's motion for a bill of particulars because the defendant sought it simply as a discovery device).

Therefore, it is respectfully recommended the Motion for a Bill of Particulars be denied.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Motion to Dismiss, or, in the Alternative, for a Bill of Particulars (Doc. 23) be denied.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require *de novo* review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 16th day of October, 2019.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge